(No. 42357.—▉▉▉▉▉▉▉▉▉)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHARLES STEVEN BROWN, Appellant.

*Opinion filed March 20, 1973.*

WARD, J., took no part.

JAMES J. NACK and RONALD BUTLER, of Chicago (WINSTON & STRAWN, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and WILLIAM K. HEDRICK, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Charles Steven Brown, was indicted for the murder of three-year-old Roderick Jackson, the son of Thelma Jackson, with whom the defendant was living. A jury found him guilty of involuntary manslaughter, and he was sentenced to imprisonment for not less than 3 nor more than 10 years. The facts are fully stated in the opinion of the appellate court affirming the judgment of conviction. (*People v. Brown (1967), 83 Ill. App. 2d 411.*) Thereafter the defendant filed a post-conviction petition, which was dismissed upon motion, and the defendant now appeals from that judgment.

The post-conviction petition alleged that the defendant's constitutional rights were violated either because of inadequate representation by the attorney who had been retained by his parents to represent him at the trial, or because that trial attorney "refused to permit" him to testify in his own defense.

We find the generalized contention that the defendant was incompetently represented by his retained attorney to be without merit. The attorney who represented him at

the trial was also retained to represent him upon his appeal to the appellate court. We have examined the record and we find that the representation afforded the defendant was not so inadequate as to constitute a deprivation of any constitutional right.

With reference to the more specific contention that the defendant's attorney refused to permit him to testify, the post-conviction petition alleged:

> "That prior to the trial, namely on January 19, 1966 and March 3, 1966 petitioner's trial attorney paid a visit to petitioner at the Cook County Jail where, in discussing the strategy and preparations of the forthcoming jury trial, petitioner indicated to his attorney that he insisted and desired to testify in his own defense for the purpose of primarily having an opportunity to refute and deny the allegation that he beat the deceased child to his death and secondly to testify to the beatings, whippings, hittings and other forcible acts against the deceased child by its mother and principal state witness with her fists, hands, belts, cords and various kitchen utensils."

The petition was accompanied by an affidavit executed by Ronnie Hill, a brother-in-law of the defendant, and Mrs. Betty Hill, the wife of Ronnie Hill. The affidavit stated:

> "3) That during the course of the trial affiants conversed with Mr. William Rhetta, petitioner's attorney. That after Mr. Rhetta had cross-examined Thelma Jean Jackson, each of the affiants conversed with Mr. Rhetta outside the court room in the presence of petitioner's father who is now deceased.
>
> 4) At that time and place in response to a question to whether or not petitioner would testify in his own defense, Mr. Rhetta said, 'I think the prosecuting attorney would murder him on cross-examination so I won't put him on the stand even though Charles insists upon testifying.' "

The decision whether to testify or not is ultimately for the defendant, as the American Bar Association's Minimum Standards for Criminal Justice have pointed out:

> "Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately

for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what pleas to enter; (ii) whether to waive a jury trial; (iii) whether to testify in his own behalf." ABA Standards Relating to the Prosecution and the Defense Function, sec. 5.2 (Approved Draft 1971).

The comment to this Standard states:

"Although counsel should not demand that his own view of the desirable course be followed, he is free to engage in fair persuasion and to urge his considered professional opinion on his client."

In this instance, as in so many others, the application of the rule is much more difficult than its statement. The line between vigorous persuasion and coercion is a fine one; the lawyer is obligated not to present testimony that he is satisfied is not true, and he cannot call upon the trial judge to make the decision for him. (ABA Standards, Prosecution and Defense Function, sec. 7.7.) By hypothesis, in every case in which the issue is raised, the lawyer's advice will in retrospect appear to the defendant to have been bad advice, and he will stand to gain if he can succeed in establishing that he did not testify because his lawyer refused to permit him to do so.

Neither in the post-conviction petition in this case, with its reference to conversations which took place between the defendant and his attorney well in advance of the beginning of the trial, nor in the supporting affidavit, is there any statement that the defendant, when the time came for him to testify, told his lawyer that he wanted to do so despite advice to the contrary. In the absence of a contemporaneous assertion by the defendant of his right to testify, the trial judge properly denied an evidentiary hearing.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.