THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTWAN D. YOUNGBLOOD, Defendant-Appellant.

Second District    No. 2—07—0203

Opinion filed April 2, 2009.

Thomas A. Lilien, of State Appellate Defender's Office, of Elgin, and Robert J. Agostinelli and Carrie B. Stevens, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barsanti, State's Attorney, of St. Charles (Lawrence M. Bauer and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUDSON delivered the opinion of the court:

Defendant, Antwan D. Youngblood, appeals from the order of the circuit court of Kane County dismissing his *pro se* postconviction petition at the first stage of postconviction proceedings. The issue raised on appeal is whether defendant's petition sets forth the gist of a constitutional claim that his trial counsel was ineffective. We determine that the petition does not present the gist of such a constitutional violation, and, thus, we affirm.

On July 22, 2003, defendant was arrested for, among other things,

battering a police officer. That same day, defendant posted bond and was released. On August 1, 2003, defendant obtained a continuance to September 5, 2003, so that he could retain private counsel. On September 5, 2003, defendant advised the court that he could not hire a private attorney, as the cost of such services was prohibitive. The court inquired whether defendant would like the court to appoint the public defender to represent him. Defendant said that he would. After verifying that defendant had no income or assets, the court appointed the public defender *instanter*. The assistant public defender who represented defendant that day asked for a continuance to October 3, 2003, and the motion was granted. Defendant failed to appear at the October 3, 2003, hearing date. Thus, defendant's assistant public defender asked for a continuance. Instead of allowing defendant's attorney an opportunity to locate defendant, the court issued a warrant for defendant's arrest, noting that it had already recalled a prior warrant for defendant's failure to appear.

On December 5, 2003, the next court date, defendant advised the court that he had been in the Du Page County jail since September 24, 2003. Given that fact, the court quashed the arrest warrant for defendant. Defendant's counsel told the court that another attorney would have to be appointed to represent defendant, because she had represented defendant's codefendant. The court continued the case to December 17, 2003, so that defendant's case could be reassigned.

On December 17, 2003, defendant's new assistant public defender told the court that defendant still was in the custody of Du Page County, not Kane County, and that defendant believed that he would be released from jail there at the end of January 2004. Thus, defense counsel "ask[ed] to continue the case to January 29th by agreement." The court granted the motion. On January 29, 2004, defendant remained in the custody of Du Page County, not Kane County. Defendant wished to set a date for a jury trial on the charges he faced in Kane County, but, because defendant refused to waive a preliminary hearing, the court refused to do so. Instead, the court set a preliminary hearing date of February 19, 2004.

Defendant subsequently was indicted on February 18, 2004, for, among other things, aggravated battery (720 ILCS 5/12—4(b)(6) (West 2002)) and mob action (720 ILCS 5/25—1(a)(1) (West 2002)). The relevant aggravated battery indictment charged defendant with knowingly making physical contact of an insulting or provoking nature with Officer Thomas Heitkamp by, among other things, biting the officer's hand.

At the jury trial, it was revealed that, at approximately 10:30 p.m. on July 22, 2003, a security guard who worked at an apartment

complex in Carpentersville was patrolling the area around the complex. While doing so, he noticed some individuals, including defendant, sitting on the stairs of one of the apartment buildings. The security guard asked the individuals to identify themselves, they refused, and the security guard called the police. When the police arrived, they asked defendant whom he was visiting at the apartment complex. Defendant never gave the officers a specific name, so the officers asked defendant to leave the premises. Defendant began arguing with Heitkamp. Because defendant refused to leave after receiving repeated requests to do so, Heitkamp arrested defendant. When Heitkamp placed his hand on defendant's wrist in order to handcuff him, defendant began struggling with the officer. Soon thereafter, several other people who were present at the complex joined in the struggle between the officer and defendant. Defendant and the officer eventually landed on the ground facing each other. Defendant began kicking and punching the officer, and, at one point, the middle finger of the officer's right hand was bitten. Heitkamp testified that defendant bit him.

Although several witnesses testified at trial, none of them observed whether defendant bit Heitkamp's finger. However, many of the State's witnesses testified that Heitkamp's finger was not injured before the altercation began and that, after the melee ended, Heitkamp's finger was bleeding.

The jury found defendant guilty of aggravated battery and mob action. Defendant's conviction of mob action merged into his conviction of aggravated battery, and the trial court sentenced defendant to 38 months' imprisonment. Defendant appealed, arguing, among other things, that he was not proved guilty beyond a reasonable doubt of aggravated battery. This court affirmed defendant's conviction. *People v. Youngblood*, No. 2—05—0174 (2006) (unpublished order under Supreme Court Rule 23). In so doing, we noted that, not only did Heitkamp testify that defendant bit him, but, also, even if the officer had not so testified, the inference could be drawn that defendant, who admitted resisting the arrest, bit the officer during the altercation while both defendant and Heitkamp were on the ground. *Youngblood*, slip op. at 17-19. Defendant never claimed on appeal that his trial counsel was ineffective for failing to challenge the indictment as untimely or for refusing to allow defendant to testify at trial.

A few weeks after *Youngblood* was filed, defendant petitioned *pro se* for postconviction relief, arguing that his counsel was ineffective for two reasons. First, defendant claimed that his trial counsel failed to challenge the allegedly late filing of the indictment. Defendant argued that he should have been indicted within 30 days after his arrest,

which took place on July 22, 2003. Second, defendant contended that his trial counsel denied defendant the right to testify at his trial. Defendant asserted that, if he had been called to testify at trial, he would have "testified to the whereabouts surrounding his arrest." Accompanying defendant's petition were the indictment; a list of witnesses, which indicated that defendant could have been called as a witness at trial; and defendant's affidavit attesting to the veracity of the petition.

The trial court dismissed defendant's petition, finding it frivolous and patently without merit. In so doing, the trial court found that defendant's petition was not supported by the required affidavits, records, or exhibits and did not state why such documents were not attached; that the petition failed to show prejudice resulting from counsel's conduct; and that defendant could have raised his postconviction claims in his direct appeal. Defendant timely appeals from the summary dismissal of his petition.

On appeal, defendant asserts that he stated the gist of a claim that his trial counsel provided ineffective assistance and that the bases upon which the trial court dismissed his petition were erroneous. However, we may affirm the trial court's decision on any valid basis that appears in the record. See *People v. Quigley*, 365 Ill. App. 3d 617, 619 (2006). Thus, we consider only whether defendant stated the gist of a constitutional claim.

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2006)) provides a remedy to defendants who have suffered substantial violations of their constitutional rights. *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001); *People v. Wilson*, 307 Ill. App. 3d 140, 144-45 (1999). When the death penalty is not involved, there are three stages to proceedings under the Act. *Edwards*, 197 Ill. 2d at 244. At the first stage, the trial court independently reviews the petition within 90 days of its filing and determines whether the petition is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2006); *Edwards*, 197 Ill. 2d at 244. If the petition is not dismissed at this stage, it advances to the second stage for the appointment of counsel. *People v. Mauro*, 362 Ill. App. 3d 440, 441 (2005). At the second stage, counsel may amend the petition and the State may file a motion to dismiss or answer. *Mauro*, 362 Ill. App. 3d at 441. If the trial court does not dismiss or deny the petition at the second stage, the proceeding advances to the final stage, where the trial court conducts an evidentiary hearing. *Mauro*, 362 Ill. App. 3d at 441-42.

Because defendant's petition was dismissed at the first stage of the postconviction process, we must determine whether the petition is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West

2006). A petition is considered frivolous or patently without merit when the allegations in the petition fail to present the gist of a constitutional claim. *People v. Harris*, 224 Ill. 2d 115, 126 (2007); *People v. Little*, 335 Ill. App. 3d 1046, 1050 (2003). "The 'gist' standard is 'a low threshold.'" *Edwards*, 197 Ill. 2d at 244, quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). Although a "gist" is something more than a bare allegation of a deprivation of a constitutional right (*People v. Prier*, 245 Ill. App. 3d 1037, 1040 (1993)), it is something less than a completely pleaded or fully stated claim (*Edwards*, 197 Ill. 2d at 245). Thus, to set forth the gist of a constitutional claim, the petition need present only a limited amount of detail and need not set forth the claim in its entirety. *Edwards*, 197 Ill. 2d at 244. In resolving whether the petition is frivolous or patently without merit, the trial court must accept as true all well-pleaded allegations, unless the allegations are positively rebutted by the record. *Little*, 335 Ill. App. 3d at 1050. We review the summary dismissal of a petition *de novo*. *Little*, 335 Ill. App. 3d at 1051.

Here, the issue raised on appeal is whether defendant stated the gist of a claim that his trial counsel was ineffective. A defendant who alleges that his counsel was ineffective must establish that (1) his attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Wendt*, 283 Ill. App. 3d 947, 951 (1996). However, if a defendant fails to allege that he was prejudiced, the second prong of the test, a court need not consider whether the attorney's performance fell below an objective standard of reasonableness. *Wendt*, 283 Ill. App. 3d at 951.

■ With these principles in mind, we first address defendant's claim that his counsel was ineffective for failing to challenge his indictment. Initially, we observe that defendant forfeited this claim. Postconviction proceedings involve a review only of matters that have not been, and could not have been, previously adjudicated. *People v. Erickson*, 183 Ill. 2d 213, 222 (1998). Accordingly, issues that could have been raised on direct appeal, but were not, are considered forfeited and, therefore, barred from consideration in a postconviction proceeding. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). The forfeiture rule applies only where it was possible to raise an issue on direct appeal; thus, a postconviction claim that depends on matters outside the record is not ordinarily forfeited, because matters outside the record may not be raised on direct appeal. See *People v. Jones*, 364 Ill. App. 3d 1, 5 (2005). In addition, it is well established that a postconviction claim will not be forfeited where the alleged forfeiture stems from the

incompetence of appellate counsel. *Blair*, 215 Ill. 2d at 450-51. Given that this claim was based on the record, that it was not raised on direct appeal, and that defendant does not allege ineffective assistance of appellate counsel, we determine that he has forfeited review of that issue here.

Forfeiture aside, there are two reasons why we must conclude that defendant failed to state the gist of a claim that his counsel was ineffective for failing to challenge the indictment. First, defendant did not allege that any delay in the indictment prejudiced him. Instructive on this point is *People v. Bradley*, 128 Ill. App. 3d 372 (1984). In *Bradley*, the defendant petitioned for postconviction relief, claiming, among other things, that his constitutional right to a preliminary hearing was violated, as the defendant was given a preliminary hearing more than 30 days after he was arrested. *Bradley*, 128 Ill. App. 3d at 378-79. The trial court dismissed the petition, finding that the defendant forfeited the issue and that, even if the issue was not forfeited, nothing in the record revealed that either the defendant's trial or appellate attorneys were ineffective for failing to challenge the delay in giving the defendant a preliminary hearing. *Bradley*, 128 Ill. App. 3d at 377. The appellate court affirmed, determining that, forfeiture aside, the defendant failed to establish that any delay in giving the defendant a preliminary hearing prejudiced him. *Bradley*, 128 Ill. App. 3d at 379. That is, "the delay occasioned by the granting of the continuance did not deprive [the defendant] of a fair and impartial trial." *Bradley*, 128 Ill. App. 3d at 379. The court then observed that "[e]ven [the defendant] does not claim that the delay hampered the presentation of his defense." *Bradley*, 128 Ill. App. 3d at 379.

Here, although defendant claimed that, if his trial counsel had raised the issue of the allegedly tardy indictment, the trial court would have dismissed the indictment, nothing would have prevented the State from reindicting defendant. See 725 ILCS 5/114—1(a)(11), (e) (West 2004). Indeed, defendant recognized as much in his petition when he asserted that, if his trial counsel had moved to dismiss the indictment, the court would have "ordered the case to be dismiss[ed] without prejudice." Moreover, as in *Bradley*, defendant does not claim how, if at all, the delay in indicting him denied him a fair and impartial trial or hindered his ability to present a defense.

Second, the record reveals that the delay in indicting defendant was caused by defendant, and, thus, any motion to dismiss the indictment would have been denied. Section 109—3.1(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/109—3.1(b) (West 2004)) provides:

"Every person in custody in this State for the alleged commis-

sion of a felony shall receive either a preliminary examination \*\*\* or an indictment by Grand Jury \*\*\* within 30 days from the date he or she was taken into custody. Every person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination \*\*\* or an indictment by Grand Jury \*\*\* within 60 days from the date he or she was arrested."

While section 109—3.1(b) of the Code provides the general rule, sections 109—3.1(b)(1) through (b)(6) of the Code (725 ILCS 5/109—3.1(b)(1) through (b)(6) (West 2004)) delineate the exceptions. One such exception, found in section 109—3.1(b)(1) of the Code, applies if the "delay [in conducting the preliminary hearing or indicting the defendant] is occasioned by the defendant." 725 ILCS 5/109—3.1(b)(1) (West 2004).

Here, defendant was arrested on July 22, 2003, but he was released on bond the following day. Thus, defendant was "in custody" for purposes of section 109—3.1(b) of the Code for only one day. On the next scheduled court date, which took place eight days later, defendant asked for a continuance to retain a private attorney. The trial court granted defendant's request, and the case was continued to September 5, 2003. Clearly, defendant caused the case to be delayed from August 1, 2003, to September 5, 2003.

At the September 5, 2003, proceeding, defendant advised the court that he was unable to retain a private attorney and that he would like the court to appoint the public defender. The court did so *instanter*. However, instead of proceeding with defendant's case on that day, defendant's assistant public defender asked that the case be continued to October 3, 2003. The trial court granted that request. Again, this delay, like the previous one, is attributable to defendant.

At the October 3, 2003, hearing, defendant failed to appear, and his attorney asked for a continuance so that the attorney could locate him. Although the trial court denied that request and issued a warrant for defendant's arrest for his failure to appear, the delay in failing to proceed with the case on that date is certainly attributable to defendant.

On the next scheduled court date, which took place on December 5, 2003, defendant's attorney advised the trial court that new counsel would have to be appointed, as defendant's assistant public defender had a conflict of interest. The case thus was continued to December 17, 2003. This 12-day delay is attributable to defendant.

On December 17, 2003, defendant, who remained in the custody of Du Page County, asked for a continuance to January 29, 2004, because defendant believed that he would be released from the custody of Du Page County by then. The State agreed to the January 29 hearing

date. Even though the State agreed to the continuance, the delay from December 17, 2003, to January 29, 2004, is attributable to defendant. See *People v. Kliner*, 185 Ill. 2d 81, 115 (1998) ("[i]n general, an agreed continuance constitutes an affirmative act of delay attributable to the defendant which tolls the speedy-trial term"); *People v. Rollins*, 382 Ill. App. 3d 833, 842 (2008) (noting, in context of delay in filing appellate briefs, that agreed continuances were attributable to the defendant, who was the appellant).

At the January 29, 2004, hearing, defense counsel asked to set a trial date. The court refused to do so, as defendant had had no preliminary hearing and refused to waive his right to one. Therefore, February 19, 2004, was set as the date for a preliminary hearing, and defendant was eventually indicted on February 18, 2004.

Under section 109—3.1(b)(1) of the Code (725 ILCS 5/109—3.1(b)(1) (West 2004)), defendant has no valid claim that he was not timely indicted. The record reveals that almost six months of the delay of which defendant complains is attributable to him. In stark contrast, the delay that is attributable to the State is, at most, 29 days, which falls well within the 60-day limit pursuant to section 109—3.1(b) of the Code.

■ The next issue we address is whether defendant presented the gist of a constitutional claim that his counsel was ineffective for refusing to call him to testify at trial. The decision whether to testify on one's own behalf belongs to the defendant (*People v. Thompkins*, 161 Ill. 2d 148, 177 (1994)), although this decision should be made with the advice of counsel (*People v. Smith*, 176 Ill. 2d 217, 235 (1997)). Advice not to testify is a matter of trial strategy and does not constitute ineffective assistance of counsel unless evidence suggests that counsel refused to allow the defendant to testify. *People v. DeRossett*, 262 Ill. App. 3d 541, 546 (1994).

When a defendant's postconviction claim that his trial counsel was ineffective for refusing to allow the defendant to testify is dismissed, the reviewing court must affirm the dismissal unless, during the defendant's trial, the defendant made a "contemporaneous assertion *** of his right to testify." *People v. Brown*, 54 Ill. 2d 21, 24 (1973). Defendant's petition contains no allegation that he made any such assertion during the trial. Absent such an allegation, defendant has not stated the gist of a claim that his right to testify was violated by counsel.

Before proceeding further, we note that, in *People v. Davis*, 373 Ill. App. 3d 351, 361 (2007), the First District held that "[t]he record [must contain] *** evidence that [the] defendant alerted the trial court that he wanted to testify." In *Brown*, the supreme court required

only that the defendant inform his attorney, rather than the trial court, of his desire to testify. *Brown,* 54 Ill. 2d at 24 ("Neither in the post-conviction petition in this case, with its reference to conversations which took place between the defendant and his attorney well in advance of the beginning of the trial, nor in the supporting affidavit, is there any statement that the defendant, when the time came for him to testify, told his lawyer that he wanted to do so despite advice to the contrary"). These cases are reconcilable. The difference between them is that *Davis* was a direct appeal involving a claim that the defendant's right to testify was violated, while *Brown* concerned an appeal from the dismissal of a postconviction petition alleging that trial counsel's representation was deficient in that counsel did not permit the defendant to testify. This difference is significant because a defendant can introduce evidence in a postconviction proceeding but not a direct appeal. Thus, during a postconviction proceeding, the absence of a record of the purported assertion of the right could be cured during an evidentiary hearing. Additionally, as *Brown* involved a claim regarding the performance of counsel, statements the defendant made to counsel were relevant. *Davis,* on the other hand, did not concern the performance of counsel. Instead, it involved a general claim that the defendant's right to testify had been abridged, which, in turn, implicated the trial court. Therefore, a statement on the record in open court was necessary to inform the trial court of the defendant's desire to testify. It would not be reasonable to hold that the trial court denied a right of the defendant where that right had not been asserted. See *People v. Smith,* 176 Ill. 2d 217, 234 (1997) (holding defendant waived right to testify where he did not inform trial court he desired to testify).

In any event, defendant has also failed to allege anything that would satisfy the second prong of the test for determining whether counsel was ineffective. See *Wendt,* 283 Ill. App. 3d at 951. Indeed, it has been expressly held that a defendant must show prejudice from the denial of his right to testify in order to make out a claim of ineffective assistance of counsel. *People v. Madej,* 177 Ill. 2d 116, 146-47 (1997). Defendant did not indicate that, if he had been called to testify, he would have stated that he had no altercation with the officer, that the officer's finger was injured before the altercation began, or that he did not bite the officer. Rather, defendant, who, as we noted on direct appeal, admitted that he resisted the arrest, pleaded only that he would have testified about where his altercation with the officer took place. Specifically, defendant indicated that "he would have testified to the whereabouts surrounding his arrest." The location of the arrest has no bearing on whether defendant injured the officer or not, which,

in contrast to the location of the arrest, was a fact at issue in defendant's trial.

In reaching our conclusion, we would be remiss if we did not address *People v. Dredge*, 148 Ill. App. 3d 911 (1986), which defendant cited in his petition. In *Dredge*, the defendant pleaded in her petition simply that her attorney was ineffective because he "did not allow her to testify on her own behalf." *Dredge*, 148 Ill. App. 3d at 912. The trial court summarily dismissed the petition, finding it frivolous and patently without merit, and the appellate court reversed. *Dredge*, 148 Ill. App. 3d at 912, 914. In reversing, the appellate court simply noted that, to avoid summary dismissal, a defendant need present only a "simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings." *Dredge*, 148 Ill. App. 3d at 913.

We decline to follow *Dredge*. First, nothing in the *Dredge* decision indicates that the defendant contemporaneously asserted her right to testify, as required by *Brown*, 54 Ill. 2d at 24. Second, nothing in the *Dredge* decision reveals that the defendant asserted prejudice. This court recently confirmed that such pleading is required. See *People v. Pineda*, 373 Ill. App. 3d 113, 118 (2007). Indeed, as we observed in *Pineda*, if a defendant's claim that counsel was ineffective could survive summary dismissal when the defendant merely pleaded that counsel erred, "[courts] would essentially grant all postconviction [defendants] the right to an evidentiary hearing on a claim of ineffective assistance of counsel so long as they simply alleged any *de minimis* error of counsel." *Pineda*, 373 Ill. App. 3d at 120.

Thus, given the fact that defendant did not assert his right to testify as required by our supreme court, as well as the fact that defendant did not allege prejudice, we determine that defendant failed to present the gist of a claim that his trial counsel was ineffective for refusing to let defendant testify.

For these reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN and JORGENSEN, JJ., concur.