# Illinois Official Reports

## Appellate Court

***People v. Palmer*, 2017 IL App (4th) 150020**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCUS DARNELL PALMER, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0020 |
| Filed | April 19, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 11-CF-1081; the Hon. Scott Daniel Drazewski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Ellen J. Curry, and Lawrence J. O'Neill, of State Appellate Defender's Office, for appellant.<br><br>David J. Robinson and Kathy A. Shepard, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |
| Panel | JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.<br>Justices Steigmann and Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1        In November 2014, defendant, Marcus Darnell Palmer, filed a *pro se* postconviction petition, arguing, in relevant part, that he received ineffective assistance of counsel when defense counsel denied him his constitutional right to testify at trial. The following month, the trial court summarily dismissed the petition as frivolous and patently without merit.

¶ 2        Defendant appeals, asserting his postconviction petition stated the gist of a constitutional claim sufficient to overcome a first-stage dismissal. Finding defendant's claims are positively rebutted by the record, we affirm.

¶ 3                                I. BACKGROUND
¶ 4                                A. The Indictment
¶ 5        In December 2011, a grand jury indicted defendant on the following charges: (1) unlawful delivery of a controlled substance within 1000 feet of a church (720 ILCS 570/407(b)(2) (West 2010)) (count I), (2) delivery of a controlled substance within 1000 feet of public housing property (*id.*) (count II), (3) unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2010)) (count III), (4) unlawful delivery of a controlled substance of more than one gram within 1000 feet of a church (720 ILCS 570/407(b)(1) (West 2010)) (count IV), (5) delivery of a controlled substance of over one gram within 1000 feet of public housing property (*id.*) (count V), and (6) unlawful delivery of a controlled substance of more than one gram (720 ILCS 570/401(c)(2) (West 2010)) (count VI).

¶ 6                                B. The Jury Trial
¶ 7        In July 2012, defendant's case proceeded to trial. At the conclusion of the first day of trial, the trial court admonished defendant regarding his right to testify, stating defendant should discuss his options with defense counsel, but "ultimately, it's your decision to make as to whether you testify or not."

¶ 8        The next day, after the State rested, the following colloquy ensued:

        "THE COURT: With the State having rested its case in chief, and the court having denied the defendant's motion for a directed verdict, do you [defense counsel] need some time to confer with [defendant] as to what, if any, evidence the defense would be presenting ***? That would include whether or not the defendant would elect to testify on his own accord?

        [DEFENSE COUNSEL]: No, Your Honor. I talked to my client this morning, and he is not going to elect to testify; and the defense is going to rest its case.

        THE COURT: All right. We'll do that certainly on the record. But I need to go ahead and go back then to that discussion we had yesterday afternoon, [defendant].

        You've heard the representations made by [defense counsel] as to your having personally elected not to testify as part of your case in chief, correct?

        THE DEFENDANT: Yes.

        THE COURT: Do you agree with that?

        THE DEFENDANT: Yes.

THE COURT: Do you understand it's your decision to make as to whether you testify or you don't?

THE DEFENDANT: Yes.

THE COURT: I've asked you to talk to [defense counsel] and that [defense counsel] answer your questions as to the advantages, disadvantages, pros and cons, in essence of your testifying or not. Without relating what [defense counsel] has indicated to you, has he, in fact, answered any of your questions as to the advantages and disadvantages of your testifying?

THE DEFENDANT: Yes.

THE COURT: Are there any additional questions that you would want to ask of him before you would make what would otherwise be a final election as to not testifying in this matter?

THE DEFENDANT: No.

THE COURT: Okay. I just want to make sure that you were afforded that opportunity. You're also aware that the jury will be instructed that your election not to testify will not be considered by them and may not be considered by them in any way in deciding upon your verdicts. Did you take that into consideration?

THE DEFENDANT: Yes.

THE COURT: And you understand that, again, it's your decision to make and that this decision is knowing and voluntary on your part? Is that what you're telling me?

THE DEFENDANT: Yes."

The trial court thereafter accepted defendant's waiver of his right to testify.

¶ 9    Following the presentation of evidence, a jury found defendant guilty of all six counts. The trial court subsequently sentenced defendant to 16 years' imprisonment on count I and 22 years' imprisonment on count IV, with the sentences to run concurrently. Defendant appealed his sentence, and this court affirmed. *People v. Palmer*, 2014 IL App (4th) 130221-U.

¶ 10                            C. Postconviction Proceedings

¶ 11    In November 2014, defendant filed a *pro se* postconviction petition, alleging his trial counsel provided ineffective assistance of counsel. Specifically, he alleged defense counsel refused to let him testify on his own behalf at trial in violation of his constitutional rights. Specifically, defendant stated he (1) wanted to refute the testimony of certain witnesses and (2) contemporaneously told defense counsel of his desire to testify.

¶ 12    The following month, the trial court summarily dismissed defendant's petition, finding "the contentions raised in the petition are frivolous and patently without merit, as the petition has no arguable basis in either fact or law."

¶ 13    This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant asserts the trial court erred by summarily dismissing his postconviction petition during the first stage of proceedings. Specifically, defendant contends his allegation that defense counsel was ineffective for refusing defendant his constitutional right to testify stated the gist of a constitutional claim.

¶ 16   Under the Post-Conviction Hearing Act, an imprisoned defendant may assert the trial court proceedings resulted in a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2012). Once a defendant files a petition for postconviction relief, the trial court may, during this first stage of proceedings, enter a dismissal order within 90 days if it finds the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2012). Upon review of the court's first-stage dismissal, we examine whether the defendant's petition sets forth the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). "A claim completely contradicted by the record is an example of an indisputably meritless legal theory" appropriately dismissed at the first stage of postconviction proceedings. *People v. Brown*, 236 Ill. 2d 175, 185, 923 N.E.2d 748, 754 (2010). Our review is *de novo*. *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009).

¶ 17   In this case, defendant's constitutional claim is that defense counsel provided ineffective assistance of counsel by refusing defendant the right to testify. To demonstrate ineffective assistance of counsel, defendant must show counsel's (1) performance fell below an objective standard of reasonableness, and (2) deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If a defendant fails to prove either prong of the *Strickland* test, his claim for ineffective assistance of counsel must fail. *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d 1199, 1208 (1996). Put in the context of postconviction proceedings, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17, 912 N.E.2d at 1212. In considering this ineffective assistance of counsel claim, we are mindful that the decision to exercise or waive the right to testify belongs solely to the defendant. *People v. Dredge*, 148 Ill. App. 3d 911, 913, 500 N.E.2d 445, 447 (1986).

¶ 18   Defendant argues he has stated the gist of a constitutional claim, relying on *Brown* and *People v. Youngblood*, 389 Ill. App. 3d 209, 906 N.E.2d 720 (2009).

¶ 19   In *Brown*, the defendant asserted his attorney was ineffective for failing to request a fitness hearing when the defendant disclosed he was taking psychotropic medication that prevented him from understanding the trial proceedings. *Brown*, 236 Ill. 2d at 185, 923 N.E.2d at 754-55. In his postconviction petition, the defendant attached medical records and affidavits to support his claim. *Id.* at 186, 923 N.E.2d at 755. Moreover, the transcript of the trial proceedings outlining the defendant's crime—essentially, attempted "suicide by police"—supported the defendant's claim that he struggled with mental-health issues and suicidal ideations. *Id.* at 187, 923 N.E.2d at 755. Thus, the supreme court concluded the defendant's claims were not completely contradicted by the record and were therefore sufficient to state the gist of a constitutional claim. *Id.* at 191, 923 N.E.2d at 757-58.

¶ 20   In *Youngblood*, the defendant filed a postconviction petition, contending his counsel was ineffective for refusing the defendant his right to testify. *Youngblood*, 389 Ill. App. 3d at 213, 906 N.E.2d at 723. The appellate court affirmed, noting the defendant's failure to contemporaneously assert his right to testify at the time of trial was fatal to the claim. See *id.* at 219, 906 N.E.2d at 729 (citing *People v. Brown*, 54 Ill. 2d 21, 24, 294 N.E.2d 285, 287 (1973)). This holding is similar to the one this court reached in *Dredge*, 148 Ill. App. 3d at 913-14, 500 N.E.2d at 447, where we held the defendant stated the gist of a constitutional claim where her claim that she was refused her right to testify was unrebutted by the record.

¶ 21    Defendant equates the holding in *Youngblood* with a blanket rule that a defendant may state the gist of a claim by simply alleging in his postconviction petition that he made a contemporaneous assertion of his right to testify. To the contrary, *Youngblood* acknowledges "the trial court must accept as true all well-pleaded allegations, *unless the allegations are positively rebutted by the record*." (Emphasis added.) *Youngblood*, 389 Ill. App. 3d at 214, 906 N.E.2d at 724.

¶ 22    The cases cited by defendant are distinguishable from the present case, as none of them involve a circumstance where the defendants' allegations were positively rebutted by the record. Essentially, defendant's overarching premise is that he was denied his constitutional right to testify. The record contradicts that assertion. After the first day of trial, the trial court (1) admonished defendant regarding his right to testify, (2) encouraged defendant to speak with defense counsel for advice, and (3) specifically told defendant, "ultimately, it's your decision to make as to whether you testify or not." The next day, after the State rested and it was time for defendant to present his evidence, the court admonished defendant at length regarding his right to testify. The court again reminded defendant that the decision to testify belonged solely to him. The court stated, "Do you understand it's your decision to make as to whether you testify or you don't?" Defendant responded, "Yes." Throughout the admonishments, the record demonstrates no equivocation or misunderstanding on defendant's part as he waived his right to testify, nor did defendant bring his concerns to the attention of the trial court at any time during the proceedings.

¶ 23    Accordingly, because defendant's allegation that defense counsel provided ineffective assistance of counsel by refusing defendant his right to testify is positively rebutted by the record, we conclude the trial court properly dismissed defendant's postconviction petition at the first stage of proceedings.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the trial court's judgment. As part of our judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002 (West 2014).

¶ 26    Affirmed.