2019 IL App (2d) 181026-U
No. 2-18-1026
Order filed December 17, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-44 |
| LUIS H. REY, | ) ) ) | Honorable Robert C. Tobin, |
| Petitioner-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly summarily dismissed defendant's postconviction petition. Affirmed.

¶ 2    Petitioner, Luis H. Rey, appeals the trial court's summary dismissal of his petition filed pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)).  For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    Petitioner was convicted of three counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(1), (b)(1) (West 2000)), and the trial court sentenced him to consecutive terms of 14

years' and 6 years' imprisonment. On direct appeal, this court affirmed. *People v. Rey*, 2017 IL App (2d) 160478-U.

¶ 5    On August 24, 2018, petitioner, with counsel, filed a petition for postconviction relief, alleging four categories of ineffective assistance of trial and appellate counsel. First, petitioner argued that trial counsel was ineffective for not properly framing the jurisdictional position in his motion to dismiss the indictment, that the relevant argument would have shown that the case belonged in juvenile court, and that appellate counsel was ineffective for failing to raise the issue on appeal.

¶ 6    Second, petitioner argued that trial counsel failed to pursue expert testimony to prove that the complainant was suffering from false memory repression. He attached to the petition as an exhibit an article, dated December 1995, entitled "Formation of False Memories," by Elizabeth Loftus, PhD.

¶ 7    Third, petitioner argued that trial counsel was ineffective for failing to investigate and interview witnesses who could have impeached the complainant's allegations. In a notarized affidavit attached to the petition, petitioner attested that he continually told trial counsel the names of witnesses who would impeach the complainant, but trial counsel did nothing with the information. In addition, petitioner asserted that counsel was ineffective because he should have pursued the fact that, in 2008 or 2009, after the alleged assaults, complainant sent petitioner a holiday card while he was incarcerated. A copy of the card was attached to the petition.

¶ 8    Fourth, petitioner argued that counsel was ineffective for failing to call petitioner to the stand to testify in his own defense, and that the trial court did not properly admonish petitioner on his decision to testify or remain silent. Petitioner attached his own affidavit, attesting, in relevant part, that: (1) he wanted to testify at trial to proclaim his innocence; (2) trial counsel told him that

he would not put him on the stand, because the matter would be resolved in petitioner's favor without his testimony and, therefore, it was not necessary; (3) when the trial court asked whether he would be testifying, he responded only what his lawyer had told him, *i.e.*, that he would not be testifying; and (4) he was unaware, at the time, that it was solely his decision whether to testify.

¶ 9   On November 20, 2018, in a memorandum decision, the trial court summarily dismissed the postconviction petition. After briefly reciting the case history and legal standards, the trial court rejected each of the petition's ineffective-assistance allegations as failing to state the gist of a constitutional claim for various reasons specific to each claim. The court noted that petitioner did not present evidence to support the prejudice prong of an ineffective-assistance claim, made only conclusory statements, and produced only his own affidavit, which was contradicted by the record. As to the claim involving petitioner's desire to testify in his own defense, the court noted that it had advised petitioner at trial that the decision to testify was his, not his attorney's, and that he expressly declined to do so. The court finally noted that the constitutional right to testify can be waived, and it is therefore incumbent upon a defendant to assert that right while still at trial.

¶ 10                                        II. ANALYSIS

¶ 11   Petitioner appeals the summary dismissal of his petition. A postconviction proceeding contains three distinct stages. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). This appeal concerns a summary dismissal at the first stage. At the first stage, "the court considers solely the petition's *substantive* virtue." (Emphasis in original.) *People v. Allen*, 2015 IL 113135, ¶ 33. The court may dismiss the petition if the allegations therein, taken as true, render the petition frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016). A petition is frivolous or patently without merit if it has no arguable basis either in law or in fact. *Hodges*, 234 Ill. 2d at 12. A petition that has no arguable basis in law or in fact is one based on an indisputably meritless legal

theory or a fanciful factual allegation. *Id*. An indisputably meritless legal theory is one that is completely contradicted by the record. *Id*. at 16-17. We review *de novo* the summary dismissal of a postconviction petition. *Id*. at 9.

¶ 12    We note first that, although petitioner raised several claims of ineffective assistance in his petition and all were dismissed by the trial court, on appeal, he addresses substantively only one: the dismissal of his claim concerning the denial of his right to testify.[1]  He contends that, at this stage, the court: erred in finding that the allegation needed more support than his affidavit; improperly drew conclusions that went beyond the requisite "quick look" at the record; ignored the petition before it; and improperly relied on *People v. Cleveland*, 2012 IL App (1st) 101631, which concerned a second-stage dismissal.  Petitioner asserts that the affidavit concerned a conversation between himself and his counsel and, therefore, it is "difficult to conjure up" what other support he could bring.  He concludes that the claim should not have been dismissed without an evidentiary hearing to determine whether his constitutional right to testify in his own defense was violated.

¶ 13    A defendant's right to testify at trial is a fundamental constitutional right, as is his or her right to choose not to testify. *People v. Weatherspoon*, 394 Ill. App. 3d 839, 855 (2009).  The decision whether to testify rests ultimately with the defendant alone. *People v. Brown*, 336 Ill.

_____

[1] The rest of petitioner's brief concerns, generally, standards pertaining to postconviction dismissals at the first stage.  In its response brief, the State pointed out that petitioner had limited his appellate argument to only one substantive claim and, accordingly, it addressed only that claim. Petitioner did not file a reply brief.  We, therefore, view his other ineffective-assistance claims as abandoned for purposes of our review in this appeal.

App. 3d 711, 719 (2002). Undue interference with a defendant's right to testify may constitute ineffective assistance of counsel. *People v. Seaberg*, 262 Ill. App. 3d 79, 82-83 (1994). However, merely advising a defendant not to testify is a matter of trial strategy and does not constitute ineffective assistance of counsel absent *evidence* that counsel *refused to allow* the defendant to testify. *People v. Youngblood*, 389 Ill. App. 3d 209, 217 (2009). "When a defendant's postconviction claim that his trial counsel was ineffective for refusing to allow the defendant to testify is dismissed, the reviewing court must affirm the dismissal unless, during the defendant's trial, the defendant made a 'contemporaneous assertion *** of his right to testify.' " *Id.* (quoting *People v. Brown*, 54 Ill. 2d 21, 24 (1973)). Further, the dismissal of a post-conviction petition will be upheld when the allegations are contradicted by the record from the original trial proceedings. *People v. Torres*, 228 Ill. 2d 382, 394 (2008). We will not credit allegations that are positively rebutted by the record. *People v. Barnslater*, 373 Ill. App. 3d 512, 519 (2007).

¶ 14    Here, petitioner's claim is rebutted by the record. Although, in his affidavit, petitioner claims that counsel told him he would not put him on the stand, he does not assert that counsel *refused* to *allow* him to testify or did anything more than advise petitioner that his testimony was not necessary to prevail. Further, although petitioner contends in his affidavit, "I was unaware at the time that it is my decision alone whether to testify or not testify," this claim is positively rebutted by the record:

"THE COURT:  ***

[Petitioner], I do this before every trial for every defendant, so I'm certainly not isolating you. I'm going to tell you that for the most part your attorneys will be handling the way the trial goes. They're going to get your input, some thoughts from you, but ultimately they're the ones that are going to do the trial strategy. What does that mean?

Well, they'll decide what questions to ask, what not to ask, when to make objections, when not to make objections, what type of arguments to make, legal theories, all those things. That's what they would do.

The roles are reversed in two main situations for your case ***. By roles reversing, it means that they will be giving you input but ultimately *it's going to be your choice*. The first one is going to be *whether you want to testify or not*. You have a right to testify, you have a right to not testify. And if *you* choose not to testify, your attorneys can ask me to direct the jury not to take—not to hold that against you. On the other hand, *if you want to testify, you're always welcome to* testify too.

***

So talk with your attorneys over the course of this trial about both of those issues. And if I revisit this, and I will revisit it as the time comes, don't think I'm trying to talk you into or out of doing something. I'm just trying to remind you that that's where the roles reverse and *you're the decision maker*. Okay?

THE [PETITIONER]: *Yes, sir*." (Emphases added.)

¶ 15    Later, the court asked petitioner:

"THE COURT: [Petitioner], you've had a chance to talk with your attorneys. You've now sat through a good portion of the evidence. Certainly you've heard the whole State's case in chief. You've got most of the evidence that's going to be presented in your case. And now is the time for me to just ask you whether or not you're going to testify.

THE DEFENDANT: *No, sir, I'm not*." (Emphasis added.)

¶ 16    Based on these exchanges, petitioner's legal theory is refuted by the record. The court informed petitioner that the decision to testify was his, not his attorney's, and petitioner

acknowledged that he understood. Petitioner expressly informed the court that he would not testify, and did not voice at trial any objection to his counsel's advice or a desire to testify.

¶ 17 Moreover, the court's reliance on *Cleveland*, 2012 IL App (1st) 101631, ¶¶ 65-67, was not improper, as its reference to that case concerned not the stage of proceedings, but, rather, the general concepts that "[a]s with many constitutional rights that may be waived, it is incumbent upon the defendant to assert his right to testify such that his right can be vindicated during the course of the trial," and "Illinois courts have voiced concern over the ease with which this ineffectiveness of counsel claim can be made. [Citations.] More than the defendant's self-serving statement is required to demonstrate that he truly desired to testify, which defense counsel failed to observe." *Id.* Moreover, *Cleveland* supports our decision here, as it, too, noted "the defendant's silence [at trial] can be taken as acquiescence in defense counsel's decision to rest without calling the defendant as a witness, [therefore] neither the record nor his affidavit provides substantial support for his claim that he was thwarted from testifying." *Id.* at ¶ 66.

¶ 18 In sum, the court properly dismissed petitioner's claim concerning his decision to not testify at trial, as it is contradicted by the record and, therefore, his ineffective-assistance claim premised on that allegation presents an indisputably meritless legal theory.

¶ 19                                    III. CONCLUSION

¶ 20 For the reasons stated, we affirm the judgment of the circuit court of Boone County.

¶ 21 Affirmed.