NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240275-U

NO. 4-24-0275

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 26, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| VAN DOUGLAS RICHARDSON JR., | ) | No. 17CF1700 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brendan A. Maher, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Harris and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court did not err in summarily dismissing defendant's *pro se* postconviction petition, as it failed to state the gist of a constitutional claim.

¶ 2     In October 2018, defendant, Van Douglas Richardson Jr., was convicted of first degree murder. Defendant subsequently filed a *pro se* postconviction petition, which alleged he received ineffective assistance of trial counsel. The trial court summarily dismissed the petition.

¶ 3     On appeal, defendant argues the trial court erred by dismissing his petition because it set forth the gist of a constitutional claim that his trial counsel rendered ineffective assistance by denying him his right to testify at trial. For the following reasons, we affirm.

¶ 4     I. BACKGROUND

¶ 5     The factual background and procedural history of defendant's case were examined at length on direct appeal. See *People v. Richardson*, 2022 IL App (2d) 210231-U. Accordingly,

we recite only the facts necessary to the disposition of this appeal.

¶ 6                                    A. Indictment and Trial

¶ 7         In August 2017, a grand jury indicted defendant on 16 counts of first degree murder (720 ILCS 5/9-1(a)(1)-(3) (West 2016); 730 ILCS 5/5-8-1(a)(1)(d)(i)-(iii) (West 2016)), one count of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2016)), one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2016)), and one count of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)) for his alleged involvement in the May 2017 shooting death of Lester Sanders. Defendant was initially represented by appointed counsel, Robert Simmons. In February 2018, defendant retained private counsel, Kunal Kulkarni, who eventually represented him at trial.

¶ 8         At the final pretrial hearing in May 2018, the trial court admonished defendant at length about his right to testify. The court stated "at an appropriate point in the trial," it would ask defendant on the record if he wished to testify. The court explained the right to testify belonged only to defendant and he could choose to testify even if his trial counsel advised against it. The court instructed defendant to inform the court of any issues or disagreements with his counsel. The court continued, "You should first register your disagreement with the decision with [trial counsel]. But if you have something important enough that you think needs to be addressed on the record, please make sure that you do that yourself during the course of your trial. You understand?" Defendant responded, "Yes, sir."

¶ 9         Defendant's jury trial commenced in October 2018. After the State rested its case, the trial court asked the defense about presenting its case. Defense counsel requested to consult with defendant over the weekend to confirm how he wished to proceed with the case.

¶ 10        The trial court again admonished defendant about his right to testify. The court told

defendant it would ask him about his decision to testify after the defense rested its case. The court explained it would also ask defendant whether he had discussed his decision with his attorney and whether he had enough time to process his decision. The court noted, "It is one of the fundamental choices that is assigned in a criminal case only to the defendant and it's a decision that only you can make." Additionally, the court emphasized defendant was not obligated to follow any advice from his trial counsel on whether to testify. Defendant indicated he understood the court's admonishments. The court adjourned for the weekend to allow time for counsel and defendant to discuss potential jury instructions and defendant's right to testify.

¶ 11        The trial resumed the following Monday. The defense did not call any further witnesses and rested its case. The trial court did not ask defendant whether he wished to testify.

¶ 12        The jury found defendant guilty of first degree murder and aggravated discharge of a firearm. Further, the jury found the State proved defendant (1) was armed with a firearm, (2) personally discharged a firearm during the commission of the offense, and (3) personally discharged the firearm that proximately caused Sanders's death.

¶ 13                            B. Posttrial Proceedings

¶ 14        Trial counsel subsequently filed a motion for a new trial, followed by two amended motions for a new trial. Thereafter, defendant filed five *pro se* amended motions for a new trial, which included several claims alleging the ineffective assistance of Simmons and Kulkarni. Defendant also filed a *pro se* "Complaint of Misconduct," with additional claims of ineffective assistance of counsel. None of defendant's ineffective assistance claims related to his right to testify.

¶ 15        The trial court conducted a *Krankel* inquiry (see *People v. Krankel*, 102 Ill. 2d 181 (1984)) on defendant's ineffective assistance claims, beginning in June 2019 and ending in

November 2019. Defendant requested the discharge of his trial counsel, Kulkarni, which the court granted. The court found the ineffective assistance claims against Simmons lacked merit but did not rule on the claims against Kulkarni. The court reappointed Simmons to represent defendant on his motion for a new trial and sentencing. In June 2020, Simmons filed an amended motion for a new trial, alleging the ineffective assistance of Kulkarni. None of the ineffective assistance claims mentioned defendant's right to testify. The court denied defendant's motion for a new trial.

¶ 16 The trial court sentenced defendant to 40 years' imprisonment, plus a 25-year firearm enhancement based on the jury's finding defendant personally discharged the firearm that proximately caused Sanders's death, for a total of 65 years' imprisonment.

¶ 17 C. Direct Appeal

¶ 18 On direct appeal, defendant argued the trial court erred in denying his motion to dismiss the indictment, the evidence was insufficient to convict him of first degree murder, and the 25-year sentencing enhancement was improper. *Richardson*, 2022 IL App (2d) 210231-U, ¶ 2. The State conceded the sentencing enhancement error. *Richardson*, 2022 IL App (2d) 210231-U, ¶ 4. The trial court affirmed defendant's conviction and modified the sentence to impose a 20-year enhancement. *Richardson*, 2022 IL App (2d) 210231-U, ¶ 4.

¶ 19 D. Postconviction Proceedings

¶ 20 In November 2023, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). Relevant here, defendant claimed he was denied the effective assistance of trial counsel where Kulkarni failed to advise him of his right to testify and refused to discuss his potential testimony with him. Defendant included his potential testimony in the petition. The trial court dismissed the petition as frivolous and patently without merit.

- 4 -

¶ 21    This appeal followed.

¶ 22                        II. ANALYSIS

¶ 23    Defendant argues the trial court erred by summarily dismissing his postconviction petition because he stated the gist of a constitutional claim. Specifically, he contends trial counsel rendered ineffective assistance by failing to advise him about his right to testify and refusing to discuss his potential testimony with him.

¶ 24                        A. Forfeiture

¶ 25    We must first address the State's argument defendant has forfeited his ineffective assistance of counsel claim.

¶ 26    The State relies on an unpublished order from the Appellate Court, Second District, to argue defendant forfeited his claim for postconviction purposes because he could have raised it during the preliminary *Krankel* inquiry and failed to do so. See *People v. Wanke*, 2022 IL App (2d) 210136-U, ¶ 36. In *Wanke*, the appellate court determined the defendant's failure to raise an ineffective assistance of counsel claim during an initial *Krankel* inquiry, when the defendant "had the opportunity and forum to do so," constituted forfeiture of that claim for postconviction proceedings. *Wanke*, 2022 IL App (2d) 210136-U, ¶ 36. However, *Wanke* is a divergence from other opinions in which Illinois courts have held that an issue is not forfeited by a failure to raise it during a *Krankel* inquiry. See *People v. McGee*, 2021 IL App (2d) 190040, ¶ 41 (holding a defendant does not forfeit issues not raised at a *Krankel* inquiry for a future postconviction petition); *People v. Teen*, 2023 IL App (5th) 190456, ¶ 66 (holding a defendant does not forfeit on direct appeal ineffective assistance claims not presented at a *Krankel* inquiry). We do not find *Wanke* to be persuasive on this issue in light of the precedent to the contrary. Therefore, defendant did not forfeit his claim by failing to raise it at the *Krankel* inquiry.

¶ 27        The State also argues that defendant forfeited his claim by failing to raise it on direct appeal.

> "[A] defendant must generally raise a constitutional claim alleging ineffective assistance of counsel on direct review or risk forfeiting the claim. [Citation.] Moreover, issues that could have been raised and considered on direct review are deemed procedurally defaulted. *** Procedural default does not, however, preclude a defendant from raising an issue on collateral review that depended upon facts not found in the record." *People v. Veach*, 2017 IL 120649, ¶ 47.

We agree with defendant that he could not have raised the issue on direct appeal, as it is based on allegations outside the record. Thus, defendant did not forfeit his claim by failing to raise it on direct appeal.

¶ 28        Because we have concluded forfeiture does not apply, we will address defendant's claim on the merits.

¶ 29                              B. Ineffective Assistance of Counsel

¶ 30        Defendant contends the summary dismissal of his petition was improper because he set forth the gist of a constitutional claim that his trial counsel rendered ineffective assistance by refusing to discuss his right to testify and failing to ascertain his potential testimony.

¶ 31        The Act establishes a three-stage process for defendants to challenge their convictions based on a substantial deprivation of their federal or state constitutional rights. *People v. Tate*, 2012 IL 112214, ¶ 8. This appeal concerns the dismissal of a postconviction petition at the first stage. At the first stage, the trial court must independently review the petition and determine whether it states the gist of a constitutional claim. *People v. Allen*, 2015 IL 113135, ¶ 24. If the court determines the petition does not state the gist of a constitutional claim, it must dismiss the

petition as frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). A petition is frivolous or patently without merit "if the petition has no arguable basis either in law or in fact." *Tate*, 2012 IL 112214, ¶ 9. The threshold for a petition to survive the first stage is low, as most petitions are drafted by *pro se* defendants. *People v. Knapp*, 2020 IL 124992, ¶ 44. "In evaluating the allegations in the petition, the [trial] court must take them as true and construe them liberally." *Allen*, 2015 IL 113135, ¶ 25.

¶ 32 We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 61. Under this standard, "we may affirm the trial court's decision on any valid basis that appears in the record." *People v. Youngblood*, 389 Ill. App. 3d 209, 213 (2009). Thus, we consider only whether defendant stated the gist of a constitutional claim.

¶ 33 A defendant's claim of ineffective assistance of counsel is analyzed under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). See *People v. Albanese*, 104 Ill. 2d 504, 526 (1984) (adopting the *Strickland* standard). However, a more lenient formulation of the *Strickland* standard applies to first-stage postconviction petitions alleging ineffective assistance. *Tate*, 2012 IL 112214, ¶ 20. Under this lower pleading standard, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphases in original.) *Tate*, 2012 IL 112214, ¶ 19.

¶ 34 "The decision whether to testify on one's own behalf belongs to the defendant [citation], although this decision should be made with the advice of counsel." *People v. McCleary*, 353 Ill. App. 3d 916, 922-23 (2004). "In order to effect waiver of his right to testify, a defendant is not required to execute a specific type of waiver, nor is the trial court required to ascertain

- 7 -

whether a defendant's silence is the result of a knowing and voluntary waiver to testify." *People v. Chatman*, 357 Ill. App. 3d 695, 703 (2005). In other words, "the trial court is not required to advise a defendant of his right to testify, to inquire whether he knowingly and intelligently waived that right, or to set of record [the] defendant's decision on th[e] matter." *People v. Smith*, 176 Ill. 2d 217, 235 (1997). "When a defendant's postconviction claim that his trial counsel was ineffective for refusing to allow the defendant to testify is dismissed, the reviewing court must affirm the dismissal unless, during the defendant's trial, the defendant made a 'contemporaneous assertion *** of his right to testify.' " *Youngblood*, 389 Ill. App. 3d at 217 (quoting *People v. Brown*, 54 Ill. 2d 21, 24 (1973)).

¶ 35 This court has addressed this issue before, albeit on direct appeal rather than on appeal from a postconviction proceeding. See *McCleary*, 353 Ill. App. 3d 916 (2004). In *McCleary*, the defendant claimed his trial counsel was ineffective when counsel failed to advise him of his right to testify and ignored his request to testify. *McCleary*, 353 Ill. App. 3d at 921. The *McCleary* court noted the defendant presented no evidence that his trial counsel refused to allow him to testify, and the record showed he failed to inform the trial court that he wished to testify. *McCleary*, 353 Ill. App. 3d at 923. Based on those circumstances, we concluded the defendant failed to show his counsel was ineffective. *McCleary*, 353 Ill. App. 3d at 923.

¶ 36 Here, defendant's petition failed to allege he contemporaneously asserted his right to testify, and our review of the record reveals he never alerted the trial court of his desire to testify. Defendant admits trial counsel did not prevent him from testifying and that he was aware it was his decision alone whether to testify, given the trial court's extensive admonishments both at the May 2018 final pretrial hearing and after the State rested its case.

¶ 37 Defendant asks this court to excuse his failure to contemporaneously assert his right

to testify because, after informing defendant it would do so, the trial court never elicited his decision to testify on the record. However, defendant concedes that "[t]he court was not required to ascertain [defendant]'s waiver of the right to testify on the record." See *Smith*, 176 Ill. 2d at 235. The court's statements did not relieve defendant of his obligation to make a contemporaneous assertion of his desire to testify. Notably, during the May 2018 final pretrial hearing, the court instructed defendant to directly inform the court of any issues with his counsel arising during the trial, and defendant indicated he understood. Thus, defendant knew he could personally address the court if he felt counsel was not properly addressing his decision to testify.

¶ 38        Finally, we find defendant's reliance on *People v. Dredge*, 148 Ill. App. 3d 911 (1986), misplaced. In *Dredge*, this court held, to avoid summary dismissal, a defendant need only present a "simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings." *Dredge*, 148 Ill. App. 3d at 913. However, as explained above, to state the gist of a constitutional claim, defendant needed to allege a contemporaneous assertion of his desire to testify. See *Smith*, 176 Ill. 2d at 236; *Brown*, 54 Ill. 2d at 24. *Dredge* simply does not address this issue, as there is no indication in the decision as to whether the defendant contemporaneously asserted her right to testify in the trial court.

¶ 39        Accordingly, absent a contemporaneous assertion, defendant has failed to state the gist of a constitutional claim that counsel provided ineffective assistance by denying his right to testify. Therefore, the trial court did not err in summarily dismissing defendant's postconviction petition as frivolous or patently without merit.

¶ 40                              III. CONCLUSION

¶ 41        For the reasons stated, we affirm the trial court's judgment.

¶ 42        Affirmed.