NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 170480-U

NO. 4-17-0480

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| TRAVIS CHILDRESS, | ) | No. 16CF3 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed the trial court's summary dismissal of defendant's
            *pro se* postconviction petition.

¶ 2        On February 15, 2017, defendant, Travis Childress, pleaded guilty to aggravated

robbery (720 ILCS 5/18-1(b)(1) (West 2014)).  On May 26, 2017, defendant filed a

postconviction petition asserting he had received ineffective assistance of counsel. The trial court

dismissed the petition as frivolous and patently without merit. On appeal, defendant contends he

presented the gist of a constitutional claim as to ineffective assistance. We affirm.

¶ 3                        I. BACKGROUND

¶ 4        On January 4, 2016, the State charged defendant with two counts of aggravated

robbery (720 ILCS 5/18-1(b)(1) (West 2014)) (counts I and II) and one count of resisting a

police officer (720 ILCS 5/31-1(a) (West 2014)) (count III). Defendant had multiple prior convictions for robbery, a Class 2 felony, and convictions for residential burglary and aggravated robbery, Class 1 felonies. Defendant was therefore subject to Class X sentencing (730 ILCS 5/5-4.5-95(b) (West 2014)).

¶ 5    On February 15, 2017, defendant pleaded guilty to count I. At the plea hearing, the trial court provided group admonishments in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) and Rule 605(b) and (c) (eff. Oct. 1, 2001) to multiple individuals who were present in the courtroom for their cases. The court then held a separate guilty plea hearing for defendant. The court discussed the proposed plea agreement with defendant, stating:

"THE COURT: *** First of all, it's my understanding you're offering to plead guilty to Count I as an aggravated robbery. You're to be sentenced to the Illinois Department of Corrections for a period of 11 years. You will receive credit for time in custody from December 26, 2015, to February 14th, 2017. Counts II and III would be dismissed. There would be a 3-year mandatory supervised release on this case. *** First of all, is that your understanding of the plea agreement on your case, [defendant]?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: Then, [defendant], what you're offering to plead guilty to is a Class 1 felony, but it is subject to Class X sentencing. What that means is this is a nonprobationable offense. You could be sentenced from the minimum of 6 years in the Department of Corrections to a maximum of 30 years. If you were sentenced to the Illinois Department of Corrections, there is a 3-year mandatory

supervised release. First of all, [defendant], do you understand the possible range of penalties?

THE DEFENDANT: Yes, sir."

The court further confirmed defendant was present for the group admonishments given by the court earlier in the proceeding and that defendant understood the rights as explained by the court. The court then confirmed defendant was intelligently and voluntarily entering into the plea agreement as set forth in the following exchange:

"THE COURT: [Defendant], is your plea to Count I, the aggravated robbery, a Class 1 felony subject to Class X sentencing, is it free and voluntary?

THE DEFENDANT: Yes, sir.

THE COURT: Has any force or threats of force been used against you to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Any promises made other than the plea terms?

THE DEFENDANT: No, sir.

THE COURT: Will you agree I did not initiate the plea negotiations?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Rueter is your attorney. Has he answered all of your questions to your satisfaction?

THE DEFENDANT: Yes, sir."

The State presented the factual basis for the plea, and the court sentenced defendant to 11 years' imprisonment in accordance with the plea agreement.

¶ 6        On April 5, 2017, defendant *pro se* filed a Motion for Reduction of Sentence. Defendant attached two affidavits to his motion supporting his claim. In his affidavits, defendant claimed that his plea was not "intelligent," his plea was "coerced," he received ineffective assistance of counsel, counsel had a conflict of interest, he was a victim of vindictive prosecution, and the prosecutor misled the defense.

¶ 7        Also on April 5, 2017, defendant *pro se* filed a Late Notice of Appeal and Motion to Withdraw Guilty Plea. In a letter to the circuit clerk filed on April 6, 2017, defendant requested those motions not be filed, as he did not wish to withdraw his guilty plea, but only requested a sentence reduction.

¶ 8        A May 18, 2017, docket entry reflects the trial court struck defendant's motion to withdraw his guilty plea because the motion was filed more than 30 days after the sentencing date.

¶ 9        On May 26, 2017, defendant *pro se* filed a postconviction petition. In his petition, defendant alleged a denial of his due process rights claiming counsel had a conflict of interest and provided ineffective assistance of counsel. Specifically, defendant alleged counsel misled defendant into believing he was pleading to simple robbery rather than aggravated robbery. Defendant claimed "[i]n open Court[,] Counsel whispered to [defendant] that the offense of Robbery and Aggravated Robbery where [*sic*] the same and carried the same sentencing guide lines." Further, defendant stated counsel informed defendant that "the State could convience [*sic*] a jury on [defendant's] prior criminal history alone and seek twenty-five years [imprisonment] at eighty-five percent." Defendant contended, if he had been presented with "information of [a] factual plea agreement," he "would have never accepted such agreement." Defendant also attached the two affidavits from his April 5, 2017, motions.

¶ 10        On June 16, 2017, the trial court entered an order dismissing defendant's postconviction petition as frivolous and patently without merit. As to defendant's ineffective assistance of counsel claim, the trial court stated petitioner was subject to Class X sentencing "on a plea to aggravated robbery a class 1 or if the charge was amended to robbery a class 2 felony." Further, the court found the plea agreement was fully negotiated and defendant stated he was satisfied with counsel's performance at the time of the plea. The court also found defendant's "bare allegation" he would not have pleaded guilty if he had been presented with "information of [a] factual plea agreement" was insufficient without a claim of actual innocence or a plausible defense to be raised at trial.

¶ 11        This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13        On appeal, defendant argues the trial court erred when it dismissed his postconviction petition as frivolous and patently without merit. Defendant argues he presented the gist of a constitutional claim as to the ineffective assistance provided by his trial counsel.

¶ 14                            A. Standard of Review

¶ 15        The Post-Conviction Hearing Act (Act) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). The Act establishes a three-stage process for adjudicating a postconviction petition. *People v. Harris*, 224 Ill. 2d 115, 125-26, 862 N.E.2d 960, 967 (2007). At the first stage, the trial court reviews the defendant's petition for postconviction relief and dismisses the petition if it determines the claims are frivolous or patently without merit. *Id.* To survive dismissal at the first stage, a postconviction petition need only present the "gist" of a

constitutional claim. *People v. Anderson*, 375 Ill. App. 3d 121, 132, 872 N.E.2d 581, 592 (2007). Our review of the trial court's dismissal is *de novo*. *People v. Collins*, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002).

¶ 16                                  B. Ineffective Assistance of Counsel

¶ 17          An ineffective-assistance-of-counsel claim is judged under the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Peterson*, 2017 IL 120331, ¶ 79, 106 N.E.3d 944. Pursuant to *Strickland*, "[t]o prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his attorney's representation fell below an objective standard of reasonableness and a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different." *Id.* "A failure by the defendant to satisfy either prong of the *Strickland* standard precludes a finding of ineffective assistance of counsel." *Id.* "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17, 912 N.E.2d 1204, 1212 (2009).

¶ 18                                  1. *Objective Standard of Reasonableness*

¶ 19          In the context of a guilty plea, an attorney's conduct falls below an objective standard of reasonableness if the attorney fails to ensure the defendant's guilty plea was entered voluntarily and intelligently. *People v. Hall*, 217 Ill. 2d 324, 335, 841 N.E.2d 913, 920 (2005). Here, defendant alleged his guilty plea was "obtained by the state without [defendant's] Knowledge and Appreciation of it's [*sic*] Consequences." At first-stage postconviction proceedings, we must take all allegations as true unless "positively rebutted" by the record. *People v. Coleman*, 183 Ill. 2d 366, 385, 701 N.E.2d 1063, 1073 (1998). The record in this case

positively rebuts defendant's allegations his guilty plea was either involuntary or unknowing. As a result, we find defendant cannot show it is arguable counsel's performance was objectively unreasonable.

¶ 20    The record demonstrates that during the plea hearing, the trial court identified aggravated robbery as the offense defendant would be pleading guilty to and admonished defendant as to the consequences of his guilty plea. The court reviewed the terms of the guilty plea agreement with defendant, and defendant confirmed he understood the agreement. Defendant acknowledged his understanding following each of the court's inquiries. Defendant was present in the courtroom when the State provided a factual basis supporting defendant's guilty plea to aggravated robbery. Defendant did not raise any concerns about or object to the factual basis and confirmed that his guilty plea to aggravated robbery was freely made and voluntary. He assured the court that no force or threats were used to persuade him to plead guilty and that counsel had answered all of his questions to defendant's satisfaction. Thus, the record positively rebuts any argument defendant did not enter his guilty plea voluntarily and intelligently.

¶ 21    Accordingly, because defendant's allegation that his guilty plea was coerced and not entered voluntarily is positively rebutted by the record, we conclude the trial court properly dismissed defendant's postconviction petition at the first stage of proceedings. See *People v. Palmer*, 2017 IL App (4th) 150020, ¶ 17, 74 N.E.3d 1198.

¶ 22    2. *Prejudice*

¶ 23    Even if we were to assume counsel's performance was objectively unreasonable, defendant is unable to show he arguably suffered prejudice.

¶ 24 To establish prejudice, "the defendant must show there is a reasonable probability that, absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial." *Hall*, 217 Ill. 2d at 335. A bare allegation that he would not have pleaded guilty and insisted on a trial is not enough. *Id.* "Rather, the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial." *Id.* at 335-36. "[W]hether counsel's deficient representation caused the defendant to plead guilty depends in large part on predicting whether the defendant likely would have been successful at trial." *Id.* at 336.

¶ 25 In his petition, defendant stated only that he "would not have pled guilty in absense [*sic*] of counsel[']s ineffective advice." This is, as the trial court found, a bare allegation that defendant would not have pleaded guilty and, instead, would have insisted on going to trial. Such a bare and conclusory allegation is insufficient to avoid a dismissal. Defendant failed to assert either a claim of actual innocence or articulate a plausible defense that could have been raised at trial. Thus, he failed to allege arguable prejudice.

¶ 26 III. CONCLUSION

¶ 27 For the reasons stated, we affirm the trial court's summary dismissal of defendant's postconviction petition.

¶ 28 Affirmed.