**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240324-U

Order filed October 24, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0324 Circuit No. 15-CF-1462 |
| | ) | |
| KEVIN M. LISZKA, | ) ) | Honorable Daniel P. Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The court properly denied defendant's second-stage postconviction petition.

¶ 2    Defendant, Kevin M. Liszka, appeals following the Du Page County circuit court's denial of his second-stage postconviction petition. Specifically, defendant argues that he made a substantial showing of ineffective assistance of pretrial and trial counsel during plea negotiations. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4           On August 18, 2015, the State charged defendant with drug induced homicide (720 ILCS 5/9-3.3(a) (West 2014)). The court appointed counsel (hereinafter pretrial counsel). On August 20, 2015, the court admonished defendant that he faced a sentencing range of 6 to 30 years' imprisonment. On December 5, 2016, pretrial counsel withdrew, and the court appointed new counsel to represent defendant (hereinafter trial counsel).[1] Both pretrial and trial counsel engaged in plea negotiations with the State. On May 22, 2017, the State withdrew all formal plea offers in open court. On February 20, 2018, trial counsel filed a motion to suppress evidence regarding cell phone tower data and GPS evidence based on late disclosures, which the court granted. On February 27, 2018, the matter proceeded to a jury trial, and defendant was found guilty. During the sentencing hearing, the State asked the court to impose a sentence of 25 years' imprisonment. The court sentenced defendant to 18 years' imprisonment.

¶ 5           Defendant's conviction was affirmed on direct appeal. *People v. Liszka*, No. 2-18-0640 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)). In part, defendant argued that his 18-year sentence was excessive. The Second District found that the record reflected several aggravating sentencing factors that supported the court's mid-range sentence, thus, defendant's sentence was not an abuse of discretion. *Id.* ¶¶ 12-13.

¶ 6           On March 9, 2022, defendant filed a postconviction petition, alleging ineffective assistance of trial counsel. Specifically, defendant asserted that trial counsel was ineffective for "telling [defendant] to not take the 14 year sentence offer [defendant] wanted to take" and they "never

---

[1]The court appointed two attorneys at this point. Defendant does not consistently distinguish what comments are attributed to which attorney, accordingly, for the purposes of this appeal we will group the two attorneys together to discuss each claim.

advised [defendant] he could get more than the States offer of 14 years at trial if he lost." The court advanced defendant's petition to the second stage and appointed counsel.

¶ 7　　　　On May 23, 2023, postconviction counsel filed an amended postconviction petition. Defendant's affidavit attached to the petition alleged that he rejected the State's first offer of 17 years' imprisonment. In the spring of 2016, the State offered 12 years' imprisonment, and pretrial counsel asked if defendant would accept the offer. Defendant responded that he "was willing to accept the 12-year offer if this was going to be the best offer made." Defendant asked pretrial counsel to request an eight-year offer from the State. Pretrial counsel told defendant that if the State did not agree to 8 years, "they would likely reduce the offer to 9 or 10 years." On the next court date, pretrial counsel told defendant that the State "lowered the offer to 14 years" and defendant would need to "either accept the 14-year offer or go to trial." Defendant was not informed that the 12-year offer had an expiration date.

¶ 8　　　　After pretrial counsel withdrew, defendant's trial counsel told defendant that the 14-year offer was still pending and described the offer as "excessive," saying "the State was being unreasonable," and "hated" defendant. Trial counsel also told defendant that the court would not impose a longer sentence if defendant proceeded to trial, and that defendant "could *** likely receive a sentence of less than 14 years" if he was found guilty at trial. Trial counsel advised that defendant "could win at trial and that [he] would not do worse than 14 years if [he] lost," and "never discussed the possibility of receiving a sentence over 14 years." Later, trial counsel "advised" defendant that his granted motion to suppress evidence created a "greater chance of winning at trial" and defendant "should not consider a blind plea" with a sentencing range of "10-20 years." With this information, defendant decided to proceed to trial. After defendant was found guilty, trial counsel stated he "would be shocked if [defendant] received a sentence in the teens."

3

When the court imposed an 18-year sentence, trial counsel stated, "I can't believe [the court] gave you that much time." The court granted the State's motion to dismiss defendant's postconviction petition, finding that defendant was unable to establish deficient performance of pretrial counsel who was involved in plea negotiations, communicated with his client, and relayed his client's eight-year counteroffer to the State. Additionally, the court found that trial counsel was not deficient for tendering their professional opinion regarding the potential outcomes of defendant's trial and sentencing. Defendant appealed.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, defendant argues the court improperly denied his postconviction petition at the second stage when he made a substantial showing of ineffective assistance of pretrial and trial counsel during plea negotiations.

¶ 11        Under the Post-Conviction Hearing Act (Act), a defendant may assert that the proceeding resulting in his conviction substantially denied his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2022). The Act establishes three stages of review. *People v. Domagala*, 2013 IL 113688, ¶ 32. At the first stage, the circuit court may dismiss the petition if it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). If the circuit court does not dismiss the petition, it advances to the second stage, at which the petitioner must make a substantial showing of a constitutional violation or be subject to a motion to dismiss. *Domagala*, 2013 IL 113688, ¶ 33; 725 ILCS 5/122-5 (West 2022). At this stage, all well-pled facts will be regarded as true unless positively rebutted by the record. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). During the second stage, the court "must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *People v. Tate*, 2012 IL 112214, ¶ 10. We review the circuit court's second-stage

4

dismissal of a postconviction petition *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31. Only if the circuit court determines that the defendant made the requisite showing, is defendant entitled to a third-stage evidentiary hearing. *Domagala*, 2013 IL 113688, ¶ 34; *People v. English*, 403 Ill. App. 3d 121, 129 (2010).

¶ 12     In the context of an ineffective assistance of counsel claim, a postconviction petition must make a substantial showing that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong under *Strickland*, counsel's performance must be so inadequate "that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *People v. Evans*, 186 Ill. 2d 83, 93 (1999). If a defendant can establish deficient performance, the second prong requires defendant to show that he was prejudiced as a result. *People v. Dupree*, 2018 IL 122307, ¶ 44. Failure to establish either prong will be fatal to defendant's claim. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000). A defendant's right to the effective assistance of counsel extends to plea negotiations. *People v. Hale*, 2013 IL 113140, ¶¶ 15-16. For the purposes of a plea offer or plea negotiations, "[a] criminal defendant has the constitutional right to be reasonably informed with respect to the direct consequences of accepting or rejecting a plea offer." (Emphasis and internal quotation marks omitted.) *Id.* ¶ 16.

¶ 13     In the present case, accepting the facts set forth in the petition and defendant's affidavit as true, defendant failed to show that pretrial and trial counsel provided deficient advice. Notably, regarding both pretrial and trial counsel, defendant does not assert that any attorney failed to inform him of the State's offers or improperly advised him regarding his applicable sentencing range. See *Missouri v. Frye*, 566 U.S. 134, 147 (2012); see *cf. People v. Barghouti*, 2013 IL App (1st) 112373,

¶¶ 6-8, 18 (failing to properly advise defendant of the applicable sentencing range, leading defendant to reject a plea offer, was ineffective assistance of counsel); see also *cf. People v. Pagsisihan*, 2020 IL App (1st) 181017, ¶¶ 24, 27. Stated another way, defendant does not assert that pretrial or trial counsel either failed to inform or misinformed him of the direct consequences of rejecting or accepting the State's plea offer. See *People v. Rajagopal*, 381 Ill. App. 3d 326, 331 (2008) (direct consequences are related to the imposed sentence). Instead, defendant contends that other statements made by pretrial and trial counsel induced defendant to reject plea offers during the plea negotiation process and proceed to trial, resulting in a lengthier sentence following trial. We will consider his allegations against pretrial and trial counsel in turn.

¶ 14                                           A. Pretrial Counsel

¶ 15          Defendant argues that pretrial counsel provided ineffective assistance where counsel (1) failed to advise him that upon countering the State's 12-year offer with 8 years' imprisonment defendant had "rejected the *** offer," (2) stated that if the State did not agree to 8 years, "they would likely reduce the offer to 9 or 10 years," (3) informed defendant that when the State "lowered the offer to 14 years," defendant would need to "either accept the 14-year offer or go to trial," and (4) failed to advise defendant whether the 12-year offer had an expiration date or could be revoked.

¶ 16          At the outset, we note that the State contends defendant's claim that pretrial counsel provided deficient performance by not advising defendant that countering the State's offer amounted to rejecting the offer is not sufficiently preserved because defendant failed to include that specific argument in his postconviction petition. Although defendant's postconviction claims did not directly mirror appellate counsel's claims, we find that they are similar enough to avoid the procedural bar of forfeiture. See *People v. English*, 2013 IL 112890, ¶ 22 (forfeiture will be

relaxed where fundamental fairness so requires); *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve an issue for appellate review a defendant must object to it at trial and raise it in a posttrial motion).

¶ 17    Generally, direct consequences associated with guilty pleas are "limited to the penal consequences of that plea, *i.e.*, the consequences that relate to the sentence imposed on the basis of [that] plea." (Emphasis and internal quotation marks omitted.) *Rajagopal*, 381 Ill. App. 3d at 331; see *Barghouti*, 2013 IL App (1st) 112373, ¶¶ 6-8, 18; see also *cf. Pagsisihan*, 2020 IL App (1st) 181017, ¶¶ 24, 27 (plea counsel provided deficient advice when they failed to advise defendant of immigration consequences of his guilty plea). During representation, counsel "is free to engage in fair persuasion and to urge his considered professional opinion on his client." (Internal quotation marks omitted.) *People v. Brown*, 54 Ill. 2d 21, 24 (1973). However, the decision of what plea offer to accept or reject belongs solely to defendant and is not a decision counsel makes. *People v. Manning*, 227 Ill. 2d 403, 416 (2008).

¶ 18    Here, defendant asserts that pretrial counsel failed to advise him of the mechanics of rejecting a plea offer—in that by countering the State's 12-year offer with 8 years, defendant rejected the offer. What is clear from the record, as well as defendant's affidavit, is that defendant did not accept the State's 12-year offer. See *Manning*, 227 Ill. 2d at 416; see also *People v. Robinson*, 2012 IL App (4th) 101048, ¶ 33. We cannot say that the manner with which defendant rejected the State's offer falls under the umbrella of direct consequences that result from either accepting or rejecting a plea offer. See *cf. Barghouti*, 2013 IL App (1st) 112373, ¶¶ 6-8; *cf. Pagsisihan*, 2020 IL App (1st) 181017, ¶¶ 24, 27. Because pretrial counsel informed defendant of the 12-year offer, and defendant considered the offer before ultimately deciding not to accept it, instead making a counter offer implicitly rejecting the State's offer, defendant cannot establish that

pretrial counsel's performance was deficient. See *Frye*, 566 U.S. at 145-47; see also *Manning*, 227 Ill. 2d at 416.

¶ 19 Moreover, pretrial counsel's statements regarding the State's potential responses to the eight-year counteroffer were opinions and not advice, and thus, not deficient. See *Brown*, 54 Ill. 2d at 24 (counsel "is free to engage in fair persuasion and to urge his considered professional opinion on his client"). Additionally, pretrial counsel informing defendant of his options to "accept the 14-year offer or go to trial" was not deficient where pretrial counsel did not direct defendant to plead guilty or direct defendant that he must proceed to trial, thus, not commanding defendant to follow either path—the choice remained defendant's alone. See *People v. Jones*, 144 Ill. 2d 242, 266 (1991) (counsel "never specifically *advised* the defendant to plead guilty; he simply presented the options to the defendant and let the defendant decide" (Emphasis in original.); see also *Manning*, 227 Ill. 2d at 416.

¶ 20 Finally, while defendant alleged that pretrial counsel did not inform him that the State's 12-year offer had an expiration date, he failed to allege that an expiration date actually existed. See *Frye*, 566 U.S. at 145-48. Pretrial counsel cannot be deficient for failing to inform defendant of a fact that does not exist. See *id.* Importantly, defendant did not provide any precedent to support his argument that counsel's failure to inform defendant of the mere possibility that an offer could be revoked by the State established deficient performance. See *cf. id.* at 145 (counsel rendered ineffective assistance when he allowed a formal offer with a fixed expiration date to expire without advising defendant or allowing him time to consider it). Therefore, because defendant has failed to establish that pretrial counsel's performance was deficient, he is unable to establish ineffective assistance. See *Richardson*, 189 Ill. 2d at 411.

¶ 21                                    B. Trial Counsel

¶ 22        Defendant asserts that trial counsels provided allegedly deficient advice by informing defendant that (1) he had a "greater chance of winning at trial" due to the court granting defendant's motion to suppress evidence, (2) would "likely receive a sentence of less than 14 years" or was unlikely to receive a sentence more than 14 years if he was found guilty, and (3) "should not consider a blind plea" with a sentencing range of "10-20 years" due to his increased chance of success at trial. Further, defendant takes issue with counsel's descriptions of the State's 14-year offer as " 'excessive' or 'shocking,' "

¶ 23        Here, trial counsels' statements related to defendant's potential trial outcomes and characterizations of the State's offer were simply opinions. *Supra* ¶ 19; see *Brown*, 54 Ill. 2d at 24. Moreover, trial counsels' statements that defendant "should not consider a blind plea" with a sentencing range of "10-20 years" due to his increased chance of success at trial did not direct defendant to reject the option of a blind plea, and the choice remained defendant's. See *Manning*, 227 Ill. 2d at 416.

¶ 24        Finally, defendant's claim that he reasonably relied on trial counsels' advice that the court would not impose a sentence greater than 14 years' imprisonment is belied by the record. See *Pendleton*, 223 Ill. 2d at 473. The record shows that the court admonished defendant that he faced a sentencing range of 6 to 30 years' imprisonment, the State tendered an initial 17-year offer and subsequently offered defendant a blind plea with an agreed sentencing range of "10-20 years" following defendant's rejection of 14 years' imprisonment, and then ultimately asked for 25 years' imprisonment at sentencing. Therefore, it defies logic that defendant would reasonably believe, despite this contradictory evidence in the record, that the court could not impose a sentence higher than 14 years.

¶ 25       Even assuming that trial counsel provided deficient performance, defendant cannot establish prejudice. See *Frye*, 566 U.S. at 145-48; *Dupree*, 2018 IL 122307, ¶ 44. To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected due to counsel's deficient performance, a defendant must demonstrate, among other factors, a reasonable probability that he would have accepted the earlier plea offer had he received effective assistance. *Frye*, 566 U.S. at 147; *Hale*, 2013 IL 113140, ¶ 19. "Absent defendant's demonstration of this factor, prejudice cannot be proven and there is no need to address the additional factors ***." *Hale*, 2013 IL 113140, ¶ 21. "The disparity between the sentence a defendant faced and a significantly shorter plea offer can be considered supportive of a defendant's claim of prejudice." *Id.* ¶ 18. However, such disparity alone does not automatically demonstrate that a defendant would have accepted the offer because there still must be evidence that counsel's deficient performance "led defendant to reject the plea offer." (Emphasis omitted.) *Id.* ¶ 23.

¶ 26       Here, there is no reasonable probability that defendant would have accepted the 14-year offer or blind plea with a sentencing cap of 20 years' imprisonment when he had previously rejected the State's 12-year offer. *Supra* ¶ 18; see *cf. Frye*, 566 U.S. at 150 (the defendant later accepting a less favorable offer was evidence that the defendant would have accepted the more favorable offer had counsel communicated the offer to the defendant); *Hale*, 2013 IL 113140, ¶¶ 21-24 (despite the disparity of 25 years between what defendant was offered and what defendant received, defendant could not establish prejudice when he failed to demonstrate it was reasonably probable that he would have accepted the plea). Moreover, defendant's 18-year sentence versus the State's 14-year offer did not create such a disparity between sentences to support defendant's claim of prejudice. See *Hale*, 2013 IL 113140, ¶ 23; see *cf. Barghouti*, 2013 IL App (1st) 112373, ¶¶ 6-8 (defendant established prejudice when he rejected a 12-year offer after counsel improperly

10

advised that defendant faced a sentencing range of 8 to 10 years' imprisonment, and the court sentenced defendant to 35 years' imprisonment).

¶ 27 It bears repeating that defendant did not assert that either pretrial or trial counsel failed to inform him of the State's offers or improperly advised him regarding his applicable sentencing range. See *Frye*, 566 U.S. at 147; see *cf. Barghouti*, 2013 IL App (1st) 112373, ¶¶ 8, 18; see also *cf. Pagsisihan*, 2020 IL App (1st) 181017, ¶¶ 24, 27. Because defendant cannot establish that trial counsel performed deficiently or that their performance caused prejudice, defendant failed to make a substantial showing of a constitutional violation, and the court properly dismissed his second-stage postconviction petition. See *Richardson*, 189 Ill. 2d at 411; *Hale*, 2013 IL 113140, ¶ 21.[2]

¶ 28                                III. CONCLUSION

¶ 29 The judgment of the circuit court of Du Page County is affirmed.

¶ 30 Affirmed.

---

[2]The State further argues that the circuit court erred in finding defendant's petition was timely filed. Based on our resolution on the merits of the petition, we need not consider this argument.